UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EVELYN RIEHM, ET AL.                    CIVIL ACTION

VERSUS                                  NO: 16-12747

WOOD RESOURCES, LLC, ET                 SECTION: "J"(3)
AL.

## ORDER & REASONS

Before the Court is Plaintiffs' *Motion to Remand to State Court and for Attorney's Fees, Costs, and Other Expenses*. **(R. Doc. 5.)** Defendants filed a timely opposition to Plaintiffs' motion, **(R. Doc. 6)** and, thereafter, Plaintiffs filed a reply to Defendants' opposition **(R. Doc. 7)**. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that Plaintiffs' motion should be **GRANTED IN PART** and **DENIED IN PART**.

## FACTS AND PROCEDURAL BACKGROUND

This lawsuit arises from Defendants' sand dredging, composting, mulching, and transportation operations, which have allegedly negatively impacted Plaintiff's quality of life through bodily and property damage. Defendants are a family-owned business operating on the batture area along the Mississippi River. Their business primarily involves dredging sand from the Mississippi River and then selling this "pumped sand" out of its offices in Luling, Waggaman, and Harahan, Louisiana. Plaintiffs are residents

who reside in the general proximity of Defendants' Harahan location, and allege that Defendants' operations have caused a myriad of problems, including: sand and dust entering the residents homes; sand and dust blanketing plaintiffs' homes, properties, vehicles, etc.; unpleasant smells emanating from Defendants' operation site; and many other alleged negligent acts and nuisances. (R. Doc. 1-1.)

On June 8, 2016, Plaintiffs filed a class action petition for damages in the Twenty-Fourth Judicial District Court for the Parish of Jefferson in Louisiana state court. (R. Doc. 1-1.) Plaintiffs' state court petition alleges Defendants violated Louisiana Civil Code Articles 667-669, Louisiana Revised Statute § 49:214.36 and § 56:2011(A), portions of the Louisiana Administrative Code on environmental quality, and local parish ordinances. *Id*. at 10-12. On July 14, 2016, Defendants removed this action to this Court alleging that Plaintiffs' state court petition have alleges causes of action created by federal law, or at least depend upon the resolution of a substantial federal questions. (R. Doc. 1.) In response, on August 19, 2016, Plaintiffs filed a motion to remand this action back to state court. (R. Doc. 5.) Specifically, Plaintiffs aver they have not plead a cause of action created by federal law, and none of the pleaded claims arise under federal law. *Id*. at 12. Plaintiffs' motion to remand is now before the Court on the briefs and without oral argument.

**PARTIES' ARGUMENTS**

**1.   Plaintiffs' Arguments**

First, Plaintiffs argue that they are not alleging causes of action under federal law. (R. Doc. 5-1 at 12.) Further, Plaintiffs argue that Defendants have mischaracterized the causes of action Plaintiffs have plead. *Id.* at 13. Specifically, Plaintiffs aver that they are not asserting any claim under the Clean Air Act, nor for Defendants' alleged violations of United States Army Corps of Engineer permits (Corp permits). *Id.* While a state court may have to interpret federal laws, Plaintiffs argue that this is insufficient to confer federal question jurisdiction. *Id.* at 14. While Plaintiffs admit that they have mentioned federal laws within their complaint, this too, they argue, is insufficient to confer federal question jurisdiction. *Id.* at 14.

Second, Plaintiffs argue that their state law claims do not "arise under" or depend upon the resolution of a substantial question of federal law. *Id.* Plaintiffs aver that Defendants cannot satisfy any of the four *Grable* factors necessary to confer federal jurisdiction. *Id.* For these reasons, Plaintiffs argue that their motion to remand should be granted and this case remanded to state court. *Id.* at 21. Finally, Plaintiffs argue that they are entitled to attorney's fees, costs, and other expenses pursuant to 28 U.S.C. § 1447(c). *Id.*

3

**2.   Defendants' Arguments**

In removing this case from state court, Defendants argue that Plaintiffs' state court petition alleges federal causes of action. (R. Doc. 1 at 2, 5.) Defendants argue that Plaintiffs have asserted causes of action under the River and Harbors Act of 1899, the Clean Water Act of 1972, the Clean Air Act of 1970, the federal Coastal Zone Management Act, along with several other federal acts. *Id.* at 5-7. Defendants also argue that the claims asserted by Plaintiffs require the court to "apply and interpret federal law, to assess whether [Defendants have] performed under the relevant permits and to determine whether plaintiffs can properly assert a claim as beneficiary of those permits." *Id.* at 5.   Further, "some of Plaintiffs state law claims have invoked duties and standards of care, as well as various issues [] that require the application and/or interpretation of federal law." *Id.* Accordingly, Defendants argue that this Court should deny Plaintiff's motion to remand, because even if Plaintiffs have not plead a cause of action created by federal law, Plaintiffs have alleged claims that arise under federal law. *Id.* at 7. Finally, Defendants argue that even if remand is appropriate, Plaintiffs should not be awarded attorney's fees because there was an objectively reasonable basis for removal. (R. Doc. 6 at 22.)

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013) (internal quotation marks and citations omitted). However, "federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'" *Wilson v. Valley Elec. Membership Corp.*, 8 F.3d 311, 313 (5th Cir. 1993) (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). Pursuant to 28 U.S.C. § 1441, a defendant may remove an action from state court to federal court if the action is one over which the federal court possesses original jurisdiction. 28 U.S.C. § 1441; *Manguna v. Prudential Prop. & Cas. Ins., Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The removing party bears the burden of proving federal subject matter jurisdiction exists and thus removal is proper. *Id.* To determine whether jurisdiction exists, the federal court considers the claims in the state court pleadings as they existed at the time of removal. *See id.* Any doubt as to whether removal jurisdiction is proper should be resolved in favor of remand because removal jurisdiction must be strictly construed. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

In this case, there is no allegation of diversity jurisdiction; thus, there must be federal question jurisdiction for removal to be proper. *See Fred J. Thompson v. Housing Auth. of*

*New Orleans*, No. 16–11856, 2016 WL 4976446, at *3 (E.D. La. Sept. 19, 2016). District courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. 1331. Cases "arise under" federal law in one of two ways. Most commonly, federal question jurisdiction is invoked when a plaintiff pleads a cause of action created by federal law. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). "There is, however, another longstanding, if less frequently encountered, variety of federal 'arising under' jurisdiction. . . ." *Id.* That is, federal question jurisdiction exists when a plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. *Gunn*, 133 S. Ct. at 1065; *Fred. J. Thompson*, 2016 WL 4976446, at *3 (collecting cases). A case falls under this special category of cases "if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. Where all four of these requirements are met, . . . jurisdiction is proper because there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum,' which can be vindicated without disrupting Congress's intended division of labor between state and federal courts." *Id.* (quoting *Grable*, 545 U.S. at 313-14). "Ultimately, whether a federal issue embedded in the matrix of a state law claim

6

will support federal question jurisdiction entails a pragmatic assessment of the nature of the federal interest at stake. . . ." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 917 (5th Cir. 2001).

<u>DISCUSSION</u>

**1.   Whether Plaintiffs Have Plead a Cause of Action Created by Federal Law**

Plaintiffs argue that they have not plead a cause of action created by federal law. (R. Doc. 5-1 at 12.) Plaintiffs reference federal law in their state court petition three times. *See* (R. Doc. 1-1.) Plaintiffs' "Preliminary Statement" provides that "Defendants' operations have caused significant destruction and distress to the Petitioners and their property due to Defendants flagrant violation of local, state, and federal laws, as well as the terms of their own licenses and permits with various government authorities." (R. Doc. 1-1 at 1.) Plaintiffs argue that "[t]he mere statement that Defendants violated 'federal law'" is insufficient to confer federal jurisdiction. (R. Doc. 5-1 at 12.) Defendants argue that this shows that Plaintiffs are pleading causes of action created by federal law. Further, Defendants argue that Plaintiffs' explicitly alleged violations of federal permits and the Clean Air Act, which are also actions created by federal law. (R. Doc. 6 at 8.)

The Court finds that Plaintiffs have not plead a cause of action created by federal law. Every reference to federal law

7

within Plaintiffs state court petition,[1] is accompanied by a state law cause of action. And the Fifth Circuit has stated that a cause of action is not created by federal law if the relief sought is based entirely upon a state cause of action in which regulations established by a federal statute are used merely as further evidence of the right to recover under state law. *See Till v. Unifirst Fed. Sav. & Loan Ass'n*, 653 F.2d 152, 155 n. 2 (5th Cir. 1981). Here, Plaintiffs have alleged that "Defendants have facility-wide emissions greater than five tons per year of particulate matter, a regulated air pollutant defined by the Clean Air Act . . . without a [Department of Environmental Quality] air quality permit." (R. Doc. 1-1 at 11.) The petition then provides that "Defendants are in violation of [Louisiana's Environmental Regulatory Code] Sec. 1305, which requires that '[a]ll reasonable precautions shall be taken to prevent particulate matter from becoming airborne.'" *Id.* Defendants argue that this paragraph alleges a cause of action that Defendants have "emitted certain pollutants in violation of the Clean Air Act." (R. Doc. 6 at 8.) Defendants' artful reading of Plaintiffs' complaint does not make it correct. The Court finds that Plaintiffs have not plead a cause of action created by federal law.

---

[1] R. Doc. 1-1 at 1, 10-12.

Defendants also argue that Plaintiffs have alleged a federal cause of action due to Defendants alleged violations of their Corps permits. (R. Doc. 6 at 7.) Specifically, Defendants argue that Plaintiffs have alleged that Defendants "flouted their legal responsibilities" through their dredging, stockpiling, mulching, and transportation operations. *Id.* Thus, Defendants argue that "Plaintiffs have asserted specific claims that allege violations of identified federal permits and laws that are clearly governed by the federal regulatory framework." *Id.* Once again, Plaintiffs point to Defendants' alleged violations of their Corps permits in support of their argument that Defendants have violated Jefferson Parish and City of Harahan ordinances, and as evidence of Defendants' generally negligent behavior. *See* (R. Doc. 1-1 at 12.) Accordingly, the Court finds that Plaintiffs have not plead a federal cause of action.

**2.    Whether Plaintiffs' Claims "Arise Under" Federal Law**

Because Plaintiffs have not plead a federal law cause of action, Defendants must establish that Plaintiffs' state law claims fall within the "special and small category" of cases "that necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *See Offshore Serv. Vessels, LLC v. Surf Subsea, Inc.*, 2013 A.M.C. 247, 254 (E.D. La. 2012) (citing

9

*Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006); *Grable*, 545 U.S. at 312-14). Federal question jurisdiction exists when a plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. *Gunn*, 133 S. Ct. at 1065. A case falls under this special category of cases "if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* (quoting *Grable*, 545 U.S. at 313-14). A federal issue is "necessarily raised" when a court must apply federal law to the facts of the plaintiff's case. *Id.* "However, a claim does not arise under the law of the United States pursuant to either section 1331 or 1337 if the relief sought is based entirely upon a state cause of action in which regulations established by a federal statute are used merely as further evidence of the right to recover under state law." *Till*, 653 F.2d at 155 n. 2. The plaintiff is "the master of her complaint," and when a plaintiff has a choice between federal and state law claims, she may proceed in state court "on the exclusive basis of state law, thus defeating defendant's opportunity to remove." *Medina*, 238 F.3d at 680 (citing *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)).

Defendants raise several arguments as to why a federal issue is necessarily raised by Plaintiffs complaint. *See* (R. Doc. 6 at 10-15.) First, Defendants argue that Plaintiffs' allegations rest entirely on Defendants' dredging and stockpiling operations, and such operations are conducted pursuant to Defendants' federally-authorized Corps permits. *Id.* at 10. Defendants argue that these Corps permits and federal laws establish the standard of care to which Defendants were to adhere. *Id.* at 11. Further, Defendants argue that because the Corps permits were issued under Section 10 of the Rivers and Harbors Act and the Clean Water Act, these federal statutes apply to these claims. *Id*. In similar fashion, Defendants argue that the Court will have to determine whether Defendants were in compliance with the Clean Air Act. *See id.* Defendants also argue that because Plaintiffs allege Defendants have violated their Louisiana Coastal Use permits, and because these permits were issued under the federal Coastal Zone Management Act, that "there is a national interest in effective management, beneficial use, protection and development of the coastal zone." *Id*. at 11-12. Defendants argue that Plaintiffs' nuisance claims under Civil Code Articles 667-669 are identical to the allegations that Defendants violated their Corps permits, and thus these claims arise under federal law. *Id.* at 12. Finally, Defendants claim that Plaintiffs are seeking injunctive relief which affects Defendants rights under these federally-granted permits.

11

Defendants' arguments are similar to those raised in *Board of Commissioners of Southeast Louisiana Flood Protection Authority-East v. Tennessee Gas Pipeline Co., LLC*, 29 F. Supp. 3d 808, 854 (E.D. La. 2014). In *Board of Commissioners*, this Court found that the plaintiff's negligence and nuisance claims necessarily raised a federal issue where, *according to the plaintiff's state court petition*, the duty Defendants owed was established by three federal statutes—the Rivers and Harbors Act, the Clean Water Act, and the Coastal Zone Management Act. *Id.* The plaintiff *explicitly alleged* that these statutes provided the duty the defendants owed to the plaintiff, and the plaintiff "never point[ed] to any specific Louisiana statutes or regulations." *Id.* This Court also noted that "oil and gas companies do not have a duty under Louisiana law to protect members of the public 'from the result of coastal erosion allegedly caused by pipeline operators that were physically and proximately remote from plaintiffs or their property.'" *Id.* (citing *Barasich v. Columbia Gulf Transmission Co.*, 467 F. Supp. 2d 676, 693 (E.D. La. 2006)). This Court ruled that "[b]y turning to federal law to establish the standard of care, Plaintiff 'necessarily raised' what duties these laws impose upon Defendants." *Id.* Because these were the only statutes the plaintiff cited in support of its negligence and nuisance arguments, and because there was no independent state-law duty, the Court found that these federal statutes were not merely one of multiple

theories that could support the plaintiff's negligence and nuisance claim and held that a federal issue was necessarily raised with respect to the plaintiffs' negligence and nuisance claims. *Id.*

In this case, Plaintiffs' state court petition does not argue that federal regulations and statutes establish the duties owed by Defendants.[2] *See* (R. Doc. 1-1.) Rather, Plaintiffs' petition alleges that Defendants breached duties imposed under Louisiana law. Because the plaintiff in *Board of Commissioners* argued that the federal standards established the duties owed by defendants, and the defendants did not have an independent duty under Louisiana law, the Court determined that the federal statutes were not just one of multiple theories that could support the plaintiff's

---

[2] In fact, it was Defendants who raised the issue of federal standards, which appears more like the defense of preemption. However, "[a] defense that raises a federal question is insufficient" to provide jurisdiction. *See MSOF Corp v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002) (citing *Merrell Dow Pharmas., Inc. v. Thompson*, 478 U.S. 804 (1986)). Plaintiffs are the masters of their complaint, and may choose to allege only state-law claims even where federal remedies exist. *Id.* (citing *Elam v. Kansas City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011)). Further, simply because Defendants may have been in compliance with their federal permits does not necessarily mean that they were in compliance with state laws and local ordinances. *See Cerny v. Marathon Oil Corp.*, No. 13-563, 2013 WL 5560483, at *8 (W.D. Tex. Oct. 7, 2013) (citing *Bell v. Cheswick Generating Station*, 734 F.3d 188 (3d Cir. 2013) (noting that the Clean Air Act permits states to impose stricter standards)); *see also Gilbert v. Synagro Cent., LLC*, No. 8-1460, 2008 WL 4542248, at *2-4 (E.D. Pa. Oct. 9, 2008) (noting that a potential federal defense is not a necessary element of a common-law tort claim, and merely suggesting that a defense may be raised that defendants were in compliance with federal regulations does not give rise to federal question jurisdiction); *Wyatt v. Susses Surry, LLC*, 482 F. Supp. 2d 740, 745 (E.D. Va. 2007) ("Even if Defendants were able to prove compliance with all state a federal regulations, Plaintiffs could still set forth valid claims upon which relief could be granted because the federal Clean Water Act contains a 'savings clause,' which has been construed by the Supreme Court to permit rather than preclude state common-law claims." (citing *Int'l Paper Co. v. Ouelette*, 749 U.S. 481 (1987)).

negligence and nuisance claim. *Bd. of Comm'rs*, 29 F. Supp. 3d at 854. Here, Plaintiffs' state court petition explicitly references the Louisiana statutes, civil code articles, and local ordinances that Plaintiffs allege Defendants have violated. (R. Doc. 1-1 at 10, 12). Plaintiffs' petition merely references federal statutes in further support of their argument that Defendants have been negligent, a nuisance, and violated local ordinances. Further, Defendants have not argued that they have no independent duty under Louisiana law. In fact, Defendants may owe a duty to Plaintiffs under Louisiana Civil Code Articles 667-679,[3] Louisiana Civil Code Article 2315,[4] and local ordinances, whereas the Court in *Board of Commissioners* conclusively determined that the defendants did not have an independent duty under Louisiana law. *See Bd. of Comm'rs*, 29 F. Supp. 3d at 854 (citing *Barasich*, 467 F. Supp. 2d at 693).

---

[3] Apart from the law of delictual obligations, a person may be responsible because he has violated certain rules of property law or obligations imposed upon him as owner or user of property. A.N. Yiannopolous, *Predial Servitudes*, *in* 4 Louisiana Civil Law Treatise § 3:10 (4th ed.). Civil code article 667 prohibits works that cause damage or deprive neighbors of the enjoyment of their property. La. C.C. art. 667. Article 668 permits works that merely cause some inconvenience. La. C.C. art. 668. And article 669 indicates that, in the absence of a conventional servitude, inconveniences resulting from the emission of smoke or odors must be tolerated or may be suppressed, depending on local ordinances and customs. La. C.C. art. 669.

[4] Under Louisiana law, negligence claims are analyzed under the duty-risk analysis, which has five elements: (1) the defendant had a duty to conform his or her conduct to a specific standard of care; (2) the defendant failed to conform his or her conduct to the appropriate standard of care; (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries; (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries; and (5) actual damages. *Bufkin v. Felipe's La., LLC*, 2014-0288 (La. 10/15/13); 171 So.3d 851, 855.

Thus, unlike *Board of Commissioners*, Plaintiffs state-law claims do not necessarily raise a federal issue.

The Court finds this case more akin to *Bernstein v. Atl. Richfield Co.*, No. 15-630, 2015 WL 3454740 (E.D. La. May 29, 2015). In *Bernstein*, the defendants argued that removal was appropriate because the plaintiff's state law negligence claim necessitated resolution of a federal issue. *Id.* at *2. Specifically, the defendants argued that the duty to which they were expected to adhere was defined by certificates issued to the defendants by the Federal Energy Regulatory Commission (FERC). *Id.* at *1. The defendants argued that the provisions contained in the certificates articulated the exclusive standard of care to which the defendants could be held. *Id.* at *2. However, the plaintiffs' petition relied solely on duties imposed by Louisiana law. *Id.* This Court determined that the defendant's arguments in support of removal were "merely thinly-veiled defenses of preemption. . . . Any attempt by Plaintiff to impose a standard of care other than that articulated by [the federally-issued certificates] would implicate issues of federal preemption, because the court would be required to analyze whether the duties the plaintiffs claim exist conflict with federal regulation." *Id.* (internal citations omitted). Finally, the defendants argued that the plaintiff's request for injunctive relief implicated FERC's authority to locate pipelines and would impose additional terms and conditions

15

on the federally-issued certificates. *Id.* at *1. The Court rejected this argument, because nowhere in the plaintiff's petition did he request or imply that he was seeking injunctive relief. *Id.* Further, the court noted that "[t]he state court is fully capable of using its discretion to determine whether injunctive relief is available, or whether monetary damages would adequately remedy Plaintiff's injuries. . . ." *Id.*

Here, Plaintiffs rely solely on the duties imposed by Louisiana law, merely reference Defendants violations of Corps permits as further evidence of Defendants' allegedly negligent behavior, and are not requesting injunctive relief.[5] Accordingly, no federal issue is necessarily raised. Further, Plaintiffs have not alleged Defendants breached any duty imposed by a federal regulatory scheme; rather, Plaintiffs allege Defendants breached their duties imposed under Louisiana law. Accordingly, Plaintiffs' state court petition did not necessarily raise a federal issue. *See Borne v. Chevron USA Holdings, Inc.*, No. 15-631, 2015 WL 3417520, at *3-4 (E.D. La. May 27, 2015) (finding federal issue was not "necessarily raised" by plaintiff's negligence and nuisance claims where defendants argued that plaintiffs would be forced to rely on duties encompassed within the federal Clean Water

---

[5] Although Plaintiffs' state court petition referenced injunctive relief, Plaintiffs' Prayer for Relief does not request an injunction. However, even if Plaintiffs had requested injunctive relief, this would be insufficient to "necessarily raise" a federal issue. *See Bernstein*, 2015 WL 3454740, at *1.

16

Act, Rivers and Harbors Act, and Coastal Zone Management Act where plaintiff's state court petition relied only on Louisiana state law duties); *Plaquemines Par. v. Rozel Operating Corp.*, No. 13-6722, 2015 WL 403791, at *5 (E.D. La. Jan. 29, 2015) (finding federal issue was not "necessarily raised" despite defendants acting pursuant to United States Army Corps of Engineer permits).

In conclusion, the Court finds no federal issue has been raised by Plaintiffs' state court petition, least of all one the Court would deem "substantial." Because none of Plaintiffs' claims arise under federal law, this Court lacks jurisdiction and this case must be remanded to state court. However, the Court declines to exercise its discretion to award Plaintiff attorney's fees. A court may only award attorney's fees under 28 U.S.C. § 1447(c) when the removing party "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132 141 (2005). The court must consider the objective merits of removal at the time of removal, irrespective of the ultimate remand. *Id.* Here, although ultimately unsuccessful, the Court finds that Defendants did not act unreasonably, and that there was an objectively reasonable basis for seeking removal.

17

**CONCLUSION**

Accordingly,

 **IT IS HEREBY ORDERED** that Plaintiffs' *Motion to Remand* **(Rec. Doc. 5)** is **GRANTED IN PART** and **DENIED IN PART**.

 **IT IS FURTHER ORDERED** that this matter is hereby **REMANDED** to 24th Judicial District Court for the Parish of Jefferson, Louisiana.

 **IT IS FURTHER ORDERED** that Plaintiffs' request for attorney's fees and costs is **DENIED**.

 **IT IS FURTHER ORDERED** that Plaintiffs' *Motion for Extension of Deadline to File Motion for Class Certification* **(R. Doc. 10)** is **DENIED AS MOOT**.

 New Orleans, Louisiana this 20th day of October, 2016.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE